UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       -v.-

ANTHONY R. MURGIO,

          Defendant.

- - - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

15 Cr. ____

**15 CRIM 769**

## COUNT ONE

(Conspiracy to Operate an Unlicensed Money Transmitting
Business)

The Grand Jury charges:

### RELEVANT PERSONS AND ENTITIES

    1.   At all times relevant to this Indictment, ANTHONY R.
MURGIO, the defendant, was a citizen and resident of Florida.

    2.   At all times relevant to this Indictment, Coin.mx was
a Florida-based Bitcoin exchange service which was operated by
ANTHONY R. MURGIO, the defendant, and owned by a co-conspirator
not identified herein ("CC-1").   Through Coin.mx, MURGIO and
his co-conspirators enabled their customers to exchange cash for
Bitcoins, charging a fee for their service.   In total, between
approximately October 2013 and July 2015, Coin.mx exchanged
millions of dollars for Bitcoins on behalf of customers
throughout the United States, including in the Southern District
of New York.

JUDGE NATHAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/15

## THE COIN.MX SCHEME

3.   At all times relevant to this Indictment, ANTHONY R. MURGIO, the defendant, knowingly operated Coin.mx in violation of federal anti-money laundering laws and regulations, including those requiring money services businesses like Coin.mx to meet registration and reporting requirements set forth by the United States Treasury Department.

4.   ANTHONY R. MURGIO, the defendant, and his co-conspirators engaged in substantial efforts to evade detection of their unlawful Bitcoin exchange scheme by operating through a phony front-company, "Collectables Club," and maintaining a corresponding phony "Collectables Club" website.  In doing so, they sought to trick the major financial institutions through which they operated into believing their unlawful Bitcoin exchange business was simply a members-only association of individuals who discussed, bought, and sold collectable items, such as stamps and sports memorabilia.

5.   In furtherance of the unlawful Coin.mx scheme, ANTHONY R. MURGIO, the defendant, opened bank accounts at U.S. financial institutions, including at a bank branch located in the Southern District of New York, in the name of "Collectables Club." MURGIO knowingly and falsely represented to these banks that the accounts were opened to operate a members-only association of

2

collectables and memorabilia enthusiasts, when in truth and in fact, and as MURGIO and his co-conspirators well knew, the accounts were opened to function, and did in fact function, as operating accounts for Coin.mx's unlawful Bitcoin exchange business.

6.    In addition to lying to financial institutions to obtain bank accounts for his unlawful business, ANTHONY R. MURGIO, the defendant, and his co-conspirators deceived U.S. banks and credit card issuers into authorizing credit and debit card payment transactions to purchase Bitcoins through Coin.mx. In particular, MURGIO, CC-1, and their co-conspirators deliberately misidentified and miscoded customers' credit and debit card transactions, in violation of bank and credit card company rules and regulations, in order to trick banks into allowing the transactions to be completed.

7.    Also in furtherance of their unlawful Coin.mx scheme, MURGIO and his co-conspirators knowingly instructed customers of Coin.mx to lie to banks about the Bitcoin exchange transactions the customers were executing with Coin.mx, and to state falsely that they were for the exchange of collectables items, and not for Bitcoins.

8.    In approximately 2014, in an effort to evade potential scrutiny from financial institutions and others about the nature

3

of his business, MURGIO and his co-conspirators acquired control of a small federal credit union in New Jersey with primarily low-income members (the "Credit Union").  To acquire control of the Credit Union, among other things, MURGIO caused payments totaling over $100,000 to be made to certain accounts under the control of a senior executive of the Credit Union (the "Credit Union Executive"), with the understanding that those payments would secure the Credit Union Executive's assistance in enabling MURGIO and his co-conspirators to gain control of the Credit Union.  Thereafter, and with the Credit Union Executive's assistance, MURGIO installed his co-conspirators on the Credit Union's board of directors, and transferred Coin.mx's banking operations to the Credit Union, which MURGIO and his co-conspirators operated, at least until early 2015, as a captive bank for their unlawful business.

### Statutory Allegations

9.    From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1960.

4

10.   It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, to wit, Coin.mx, d/b/a "Collectables Club," d/b/a "Currency Enthusiasts" ("Coin.mx") in violation of Title 18, United States Code, Section 1960.

<u>Overt Acts</u>

11.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about August 2013, ANTHONY R. MURGIO, the defendant, opened an account at a particular financial institution ("Bank-1") in the name of "Collectables Club," to be used in furtherance of Coin.mx operations.

b.   In or about November 2013, MURGIO agreed with a co-conspirator not named herein to miscode credit card transactions processed on behalf of Coin.mx in an effort to avoid detection of the unlawful Coin.mx scheme by credit and debit card issuers and banks.

c.   From in or about December 2013, through at least in or about November 2014, in an effort to promote Coin.mx and

5

expand its customer base, MURGIO exchanged numerous emails with a company located in the Southern District of New York.

d.    In or about August 2014, MURGIO opened an account at a particular financial institution ("Bank-2") in the name of "Collectables Club," at a Bank-2 branch located in the Southern District of New York.

(Title 18, United States Code, Section 371.)

### COUNT TWO
(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

12.   The allegations contained in paragraphs 1-8 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

13.   From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, willfully and knowingly did conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Coin.mx, an internet-based Bitcoin exchange business, which failed to comply with the money transmitting business registration requirements set forth in federal law and regulations.

(Title 18, United States Code, Sections 1960 and 2.)

6

**COUNT THREE**
(Conspiracy to Make Corrupt Payments with Intent to Influence an
Officer of a Financial Institution)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1-8 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

15. From at least in or about April 2013 to at least in or about 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 215(a).

16. It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and reward an officer, director, employee, agent, and attorney of a financial institution, to wit, a senior executive of a credit union located in New Jersey, in connection with a business and transaction of such institution, in violation of Title 18, United States Code, Section 215(a).

7

## Overt Acts

17. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   In or about April 2014, ANTHONY R. MURGIO, the defendant, communicated with the Credit Union Executive in an effort to take over control of the Board of Directors of the Credit Union in furtherance of Coin.mx's operations.

   b.   On or about May 9, 2014, MURGIO caused $15,000 to be transferred to a particular bank account ("Bank Account-1") at the request of Credit Union Executive.

   c.   On or about May 21, 2014, MURGIO caused $15,000 to be transferred to Bank Account-1.

   d.   On or about June 20, 2014, MURGIO caused $120,000 to be transferred to Bank Account-1.

   e.   From in or about November 2014, through at least in or about December 2014, MURGIO exchanged numerous emails from the Southern District of New York with individuals outside the Southern District of New York, including individuals MURGIO had installed on the Board of Directors of the Credit Union, in furtherance of MURGIO's efforts to acquire control of the Credit Union.

8

f.    On or about November 24, 2014, MURGIO caused $6,000 to be transferred to a particular bank account ("Bank Account-2") at the request of the Credit Union Executive.

g.    On or about December 2, 2014, MURGIO caused $50,000 to be transferred to Bank Account-2.

(Title 18, United States Code, Section 371.)

### COUNT FOUR
(Making Corrupt Payments with Intent to Influence an Officer of a Financial Institution)

The Grand Jury further charges:

18.   The allegations contained in paragraphs 1-6, 8, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

19.   From at least in or about May 2014 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and reward an officer, director, employee, agent, and attorney of a financial institution, to wit, the Credit Union Executive, in connection with a business and transaction of such institution, to wit, the Credit Union.

(Title 18, United States Code, Sections 215(a) and 2.)

## COUNT FIVE
(Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

20.   The allegations contained in paragraphs 1-6, 8, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

21.   From at least in or May 2013, up to and including in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly, combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 1343.

22.   It was a part and an object of the conspiracy that the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MURGIO knowingly made, and caused others to make, material misrepresentations to financial institutions and others in order

to deceive those financial institutions into allowing Coin.mx to operate through them, and in doing so, caused wires to be transmitted to and from the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT SIX
(Wire Fraud)

The Grand Jury further charges:

23.   The allegations contained in paragraphs 1-6, 8, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

24.   From at least in or May 2013, up to and including in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, MURGIO knowingly made, and caused others to make, material misrepresentations to financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to

operate through them, and in doing so, caused wires to be transmitted to and from the Southern District of New York.

(Title 18, United States Code, Section 1343.)

## COUNT SEVEN
(Money Laundering)

The Grand Jury further charges:

25.  The allegations contained in paragraphs 1-6, 8, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

26.  From at least in or about October 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, in an offense involving and affecting interstate and foreign commerce, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, to promote the operation of the unlawful money transmitting business Coin.mx, in violation of Title 18, United States Code, Section 1960, MURGIO transferred hundreds of thousands of dollars from bank accounts within the United States to bank accounts outside of the United States, and caused others to

12

transfer hundreds of thousands of dollars to bank accounts within the United States from bank accounts outside of the United States, including via certain wire transfers which cleared through New York, New York.

(Title 18, United States Code, Section 1956(a)(2)(A) and 2.)

### FORFEITURE ALLEGATIONS

27.   As a result of committing one or more of the offenses alleged in Counts One, Two, and Seven of this Indictment, ANTHONY R. MURGIO, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offenses alleged in Counts One, Two, and Seven, or any property traceable to such property.

28.   As a result of committing one or more of the offenses charged in Counts Three through Six of this Indictment, ANTHONY R. MURGIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Three through Six.

13

## Substitute Assets Provision

30.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

               (Title 18, United States Code, Sections 981, 982;
                  Title 21, United States Code, Section 853; and
                  Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA
United States Attorney

14

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### ANTHONY R. MURGIO,

Defendant.

### SEALED INDICTMENT

15 Cr. ___

(18 U.S.C. §§ 215(a), 371, 1343, 1349,
1956 & 2.)

PREET BHARARA
United States Attorney.

**TRUE BILL**

FOREPERSON

11/5/15 - Filed Sealed Indictment
ac

JGorenstein
USMJ.

15