```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

          v.                           15 Cr. 769 (AJN)

ANTHONY MURGIO,
                                       Arraignment
          Defendant.

------------------------------x
                                       New York, N.Y.
                                       November 17, 2015
                                       5:00 p.m.

Before:

          HON. ALISON J. NATHAN

                                       District Judge



          APPEARANCES


PREET BHARARA
     United States Attorney for the
     Southern District of New York
EUN YOUNG CHOI
     Assistant United States Attorney


GREGORY W. KEHOE
ROBERT A. SOLOWAY
     Attorneys for Defendant


Also Present:

     JOEL DECAPUA
     Special Agent - FBI
```

1            (Case called)
2            MS. CHOI:  Good afternoon, your Honor.  Eun Young Choi
3    on behalf of the government.  With me at counsel table is
4    Special Agent Joel DeCapua of the Federal Bureau of
5    Investigation.
6            MR. KEHOE:  Gregory Kehoe on behalf of Mr. Murgio.
7            THE COURT:  Good afternoon.  Mr. Murgio, I am Judge
8    Nathan.  I am the district court judge who will be presiding
9    over this matter going forward.  The purpose of today's
10   conference is threefold.  I understand there is a request for
11   an appointment of counsel and therefore a change of counsel.
12   Then we'll do an arraignment and make sure you are aware of the
13   charges against you.  Then we will discuss the schedule for the
14   case going forward.
15           Mr. Kehoe, do I have that right?
16           MR. KEHOE:  Yes, your Honor, you do.
17           THE COURT:  Let's start with appointment of counsel.
18   I believe we have CJA counsel here.
19           MR. KEHOE:  He is right behind us: Mr. Soloway.
20           THE COURT:  If you would come forward, Mr. Soloway,
21   and state your name for the record.
22           MR. SOLOWAY:  Robert Soloway.  That's it.
23           THE COURT:  That's good enough.  Thank you.
24           I have received from Mr. Murgio a financial affidavit.
25   Mr. Murgio, do you swear or affirm that the information

1  provided in this affidavit is true and accurate?

2            THE DEFENDANT:  I do, your Honor.

3            THE COURT:  Thank you.  Let me confirm that it is your

4  desire to have counsel appointed.  Mr. Soloway is from the CJA

5  panel.  Is that your request?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Mr. Kehoe, you will be relieved of the

8  case.

9            MR. KEHOE:  Yes, your Honor.

10           THE COURT:  Mr. Soloway, you are prepared to take on

11  the representation?

12           MR. SOLOWAY:  Yes, Judge.

13           THE COURT:  Thank you.  In that case I will appoint

14  Mr. Soloway to represent Mr. Murgio.

15           Mr. Kehoe, I will ask for you to confirm that you will

16  work with Mr. Soloway and transfer any materials that you have

17  to him and ensure a smooth transition of the case.

18           MR. KEHOE:  Yes, your Honor.  As a matter of fact, we

19  were talking about that before your Honor took the bench,

20  consultation after today and ongoing.  As an officer of the

21  court, I will do exactly that.

22           THE COURT:  Thank you very much.  In that case I will

23  relieve Mr. Kehoe from the case.

24           Next is the arraignment.  With respect to that, Mr.

25  Murgio, I want to confirm that you received a copy of the

1   indictment in the case.  That's the document that contains the
2   charges against you.  At the top it is indicated as 15 Cr. 769.
3   Have you received that?
4              THE DEFENDANT:  Yes, your Honor.
5              THE COURT:  Have you had time to review it with your
6   attorney?
7              THE DEFENDANT:  Yes, your Honor.
8              THE COURT:  You have the right to have the indictment
9   read to you or you can waive the public reading.  Do you waive
10  the public reading?
11             THE DEFENDANT:  I'll waive the public reading.
12             THE COURT:  How do you plead to the charges?
13             THE DEFENDANT:  Not guilty.
14             THE COURT:  Thank you.  Please be seated.
15             Now we will turn to the status conference and
16  scheduling conference portion of today's proceeding.  I'll ask,
17  Ms. Choi, if you would, please, provide a summary of the
18  charges and description of the categories of discovery that the
19  government will be producing.
20             MS. CHOI:  Yes, your Honor.  The charges arise out of
21  the defendant's operation of an unlicensed Bitcoin exchange by
22  the name of Coin.mx.  The charges relate to the fact that that
23  was an unlicensed money transmittal business as well as the
24  fact that in furtherance of Coin.mx's operations, the defendant
25  conspired with others and he himself aided in the payment of a

1   bribe to an officer of a financial institution, in this case a
2   credit union, in order to facilitate the processing of various
3   financial transactions in furtherance of the Bitcoin exchange.
4           Arising out of that as well are wire fraud charges.
5   That relates to the misrepresentations that were made by Mr.
6   Murgio and others about the true nature of Coin.mx.  They used
7   a phony front company called Collectibles Club in order to open
8   bank accounts and apply for various other types of accounts in
9   furtherance of the operation of the Bitcoin exchange without,
10  of course, representing or stating that they were running a bit
11  coin exchange and they had a phony website to that effect.
12          As well, in Count Seven is a money laundering charge
13  that arises out of the operation of the Bitcoin exchange.
14          With regard to discovery, discovery began earlier
15  today.  The government produced to Mr. Soloway all the
16  affidavits and applications for search warrants in this case.
17  Those consist of mainly email and various other electronic
18  files, both from Internet service providers, such as Google, as
19  well as for physical execution of a search warrant of Mr.
20  Murgio's house which was conducted at the time of his arrest.
21  The discovery is quite voluminous.  There will also be bank
22  records, I'm sorry, your Honor, that will show the transactions
23  that were undertaken in furtherance of the Coin.mx enterprise.
24          The electronic discovery is quite voluminous in this
25  case.  The government had previously requested of defense

1  counsel that they provide two one-terabyte hard drives in an
2  abundance of caution to make sure there was enough media to
3  transmit all of the discovery to defense counsel.  We were in
4  receipt of those drives just moments ago.  We will begin
5  transmitting and producing electronic discovery to the
6  defendant shortly, as well as I think there are outstanding
7  post-arrest statements which we will get to the defendant
8  today.  That is the bulk of the discovery.
9         THE COURT:  You said outstanding post-arrest state-
10 ments.  Does that mean that there were some?
11        MS. CHOI:  There were some.  There is a 302 that I
12 just hadn't received.  We are going to make sure the defendant
13 gets it today electronically.  That would be the continuation
14 of all of the discovery that would allow for the defendant to
15 determine what motions, if any, he intends to pursue in this
16 case.
17        THE COURT:  Basically, what the government has left to
18 do is the post-arrest statements and then the uploading of the
19 electronic discovery to the hard drives you received.  Those
20 will be turned over when?
21        MS. CHOI:  One moment, your Honor. Your Honor, I
22 think we can finish that in three weeks.  We'll do it in two
23 batches: get what we can immediately to the defense and then
24 continue with our discovery production.
25        THE COURT:  All right.  I'll take that schedule and

1  order the completion of the anticipated discovery within three
2  weeks from today.
3           Mr. Soloway, in light of the description of the
4  quantity and quality of the discovery, it is my practice at the
5  first conference, as you may know, to set a trial date and,
6  working backwards from that, set a motion schedule.  Any reason
7  to deviate from that practice?
8           MR. SOLOWAY:  Judge, I would be happy to fix a trial
9  date.  We had discussion about that.  We ended up with a
10 proposal for October 31st for something like a three-week
11 trial, in that range.  We tentatively wanted to propose to the
12 Court that we meet on March 4th for the purpose of having me
13 have the ability to review some of the discovery.  The
14 government has indicated these drives will be filled or
15 populated within three weeks, which puts us into the first week
16 of December more or less.
17          It sounds like a great deal of material to review.  I
18 haven't got really an idea as I stand here today what, if any,
19 motions there would be as a result of reviewing that discovery.
20 I would hope that we could come back after I have had the
21 ability to do that and advise the Court more definitely of what
22 seems like a reasonable motion schedule at that time.  Whatever
23 date.  Again, March 4th was proposed.  That is my view of it,
24 Judge.
25          THE COURT:  Ms. Choi?

1            MS. CHOI:  Yes, the parties conferred, and the

2    government believes that that would be a prudent course of

3    action given the complexity of the case, the fact that Mr.

4    Soloway has just joined, and that there will be significant

5    discovery to review.

6            THE COURT:  Let me start with the trial dates.  I

7    appreciate you conferring on an appropriate time.  I can

8    confirm that the request is to set a trial date of October 31,

9    2016, with an anticipated length of trial two to three weeks,

10   is that right?

11           MS. CHOI:  Yes, your Honor.

12           THE COURT:  Mr. Soloway?

13           MR. SOLOWAY:  Yes.

14           THE COURT:  That's what we'll do.  We will set that as

15   a firm trial date.  Mr. Murgio, when I set a trial date, it is

16   a firm trial date.  That way everybody that needs to do work

17   can do the work that needs to be done within the time that is

18   necessary and make sure that we can get to trial in a

19   reasonable, speedy amount of time.  There is a substantial

20   amount of material to review, so, on counsel's request, I would

21   set October 31, 2016, as a firm trial date as we are going

22   forward.

23           I say in the regular course that sometimes defendants

24   ask for additional lawyers to come into the case or new lawyers

25   or other matters.  I would hear any such request but with the

understanding that the schedule we set for the trial today will be the schedule that controls the case.  Make sense, sir?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  We will set that as a firm trial date.  I will accept the parties' request.  Given that Mr. Soloway came in today and given the unusual volume of discovery materials, I'm comfortable setting a status conference date for March 4, 2016.  I will require that the parties in advance -- it could be immediately in advance -- of the conference meet and confer with a proposed schedule for motions if any motions are anticipated.

I will just say, given that we are not setting a motion date at this point, assume it will be a reasonable schedule to make sure that there is sufficient time for briefing on both sides as well as for the Court to resolve any motions well in advance of trial.

With that, if I didn't say it, I'll set the March 4th conference for 1 p.m.  Let me ask if there are other applications.

MS. CHOI:  Yes, your Honor, your Honor.  The government would move at this time, given that the Court has set a trial date, for the exclusion of time under the Speedy Trial Act between now and October 31, 2016, under 18 U.S.C. 3161(h), so that the government can continue producing discovery, the defendant can review that discovery, and the

1  parties can begin conversations about a disposition in this
2  matter.
3              THE COURT:  Mr. Soloway?  Since we have a status
4  conference, I'll exclude until that date.
5              MR. SOLOWAY:  No objection.
6              THE COURT:  Thank you.  I find the ends of justice
7  served by granting an exclusion from speedy trial computations
8  for the period from today's date through March 4, 2016,
9  outweigh the public and the defendant in a speedy trial as the
10 time is necessary for the production of substantial discovery
11 materials and review of those materials by the defendant in
12 time for the defendant to consider whether there are any
13 available motions, time for the parties to consider
14 negotiations towards a disposition of the case.
15             Mr. Soloway, any applications?
16             MR. SOLOWAY:  The only application, Judge, is I would
17 want to give the Court a little bit of notice that I
18 contemplate as I sit here listening to this conference that I
19 would probably be making an application to the Court for the
20 assistance of an associate from my office on this case, given
21 what sounds like the complex, challenging volume and
22 potentially the nature of the materials themselves, to assist
23 in areas such as legal research, motion practice potentially.
24             Ordinarily, I do that when I have a better idea of
25 what the materials are so I can be very specific about that

with the Court on what it is that I contemplate.  But it sounds from this case that I would be making that application at this time to get started on that.

THE COURT:  I will ask you to put in a letter.  In light of what we both now know about the case, I presume I would grant that application.

MR. SOLOWAY:  Thank you, Judge.

THE COURT:  Thank you.  Anything else, Mr. Soloway?

MR. SOLOWAY:  No, I have nothing.

THE COURT:  Ms. Choi?

MS. CHOI:  Not from the government, your Honor.  Thank you.

THE COURT:  All of the conditions of release, Mr. Murgio, will continue to apply, of course.  Your presence and attendance at the scheduled conference is required as part of those conditions.

I will await, Mr. Soloway, your letter request.  For anything else the parties need, they can file letter requests via ECF.  I'll see everyone on March 4, 2016.  We are adjourned.  Thank you.

(Adjourned)