

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2017

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: **United States v. Anthony Murgio**,
      15 Cr. 769 (AJN)

Dear Judge Nathan:

  The Government respectfully submits this letter, in accordance with this Court's Order dated December 14, 2017, directing the Government to respond to the "Notice of Appeal and Motion for New Trial" filed by defendant Anthony Murgio on November 6, 2017 (Dkt. Entries 649, 682). In his filing, the defendant (1) notices his intention to seek an appeal to the Second Circuit; (2) requests an evidentiary hearing in this Court on the issue of whether his counsel provided ineffective assistance in connection with his guilty plea; and (3) requests a new trial as relief. The defendant's requests should be denied.

  As an initial matter, this Court lacks jurisdiction to grant the relief sought by the defendant because the case is now pending before the Second Circuit. The title and the first line of the defendant's filing plainly constitutes a notice of appeal of his conviction and sentence, and it was treated as such. The defendant's appeal has been docketed by the Second Circuit (*see* No. 17-3691), and on December 7, 2017, after his prior attorneys' motion to be relieved had been granted (No. 17-3691, Dkt. Entry 35), the Second Circuit sent instructional forms to the defendant regarding how to proceed with his appeal *pro se*. (No. 17-3691, Dkt. Entry 38). "A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States* v. *Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (quoting *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). While this rule "does not preclude a district court, after notice of appeal has been filed, from correcting clerical errors under Fed. R. Crim. P. 36 or from acting to aid the appeal," it does not permit "substantive modifications of judgments." *Id.* at 575-76 (citations and quotation marks omitted). Accordingly, because the relief sought—vacatur of his conviction and the grant of a new trial—would constitute a substantive modification of his judgment, this Court lacks jurisdiction to consider his motion.

Hon. Alison J. Nathan
December 15, 2017
Page 2

  Moreover, even if this Court did have jurisdiction over the case, the defendant still would not be entitled to the relief he seeks. Because the defendant pleaded guilty and there was no trial, his request for a new trial is simply nonsensical. *See* Fed. R. Crim. P. 33 (contemplating motion for new trial while referencing "jury" and "verdict," neither of which apply to a guilty plea). In the alternative, if the defendant's request is construed as a motion to withdraw his guilty plea, he is barred from doing so under Federal Rule of Criminal Procedure 11, which plainly states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e); *see also* Fed. R. Crim. P. 11(d) (noting that a defendant may withdraw a guilty plea only "before the court accepts the plea" or "after the court accepts the plea, but before it imposes sentence").

  Because the defendant noticed an appeal, this Court lacks jurisdiction over his motion. Furthermore, the defendant's claims for relief are not cognizable under the Federal Rules of Criminal Procedure. Accordingly, the defendant's motion should be dismissed or denied in its entirety.

           Respectfully submitted,

           JOON H. KIM
           Acting United States Attorney

        By:     /s/
           Eun Young Choi / Daniel S. Noble / Won S. Shin
           Assistant United States Attorneys
           (212) 637-2187 / 2239 / 2226

Cc:  Defense Counsel