UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | USDC Case No. 1:15-cr-769 (AJN) |
| | ) | |
| ANTHONY R. MURGIO, | ) | |
| | ) | Hon. Alison J. Nathan |
| Defendant. | ) | United States District Judge |

_____

### _PRO SE_ MOTION FOR BAIL PENDING APPEAL WITH CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT

[Return Date to be Fixed by the Court]

COMES NOW ANTHONY R. MURGIO, Defendant _pro se_, in the above styled and numbered cause, and respectfully moves this Court to permit him bail pending appeal, under the same conditions as were in place during the pendency of proceedings in this Court, and would show the Court the following facts, circumstances, and points of law:

## I. Introduction

Defendant Anthony R. Murgio ("Mr. Murgio") respectfully requests that this Court permit him bail pending appeal, subject to the same conditions which successfully ensured his presence and cooperation over the more than 27 months this matter was pending before this tribunal.

At least six times, this Court allowed Mr. Murgio bail, or renewed such bail over the more than 27 months this matter was pending. Implicit in these decisions was a finding that Mr. Murgio poses no risk of flight or danger to the community. Mr. Murgio's model compliance with bail conditions over the more than 27 months has consistently corroborated this Court's judgment. Mr. Murgio now intends to mount a *pro se* appeal of his conviction that will raise substantial questions of law and fact with respect to whether his plea was unknowing, involuntary, and unintelligent, as a result of ineffective assistance of counsel. For these reasons, release pending appeal pursuant to 18 U.S.C. § 3143(b) is appropriate in this case.

## II. Argument

18 U.S.C. §3143 (b) governs bail pending appeal, and states that the court "shall" order the defendant's release if: (1) the defendant demonstrates by clear and convincing evidence that he poses no risk of flight and no danger to the community; and (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or a new trial. This Court has repeatedly found that Mr. Murgio is not a flight risk or danger to the community, and his appeal will raise the substantial issue that his plea was not knowingly, voluntarily and intelligently entered as a result of the ineffective assistance of counsel in connection with that plea.

### A.   Mr. Murgio Poses No Risk of Flight or Danger to the Community

This Court granted Mr. Murgio bail at his initial appearance on August 10, 2015. [DE #7]. The agreed conditions of release included Mr. Murgio posting a $100,000.00 personal recognizance bond, secured by cash or his mother's home. [DE #8]. Additionally, Mr. Murgio was required to submit to pre-trial services monitoring, restrict his travel, surrender his travel

3

documents, and avoid communications with persons associated with Coin.mx. *Id.* This Court renewed Mr. Murgio's release on bond at least five times, continuing his release following his November 17, 2015 arraignment[1], his March 4, 2016 rearraignment[2], his January 9, 2017 entry of a guilty plea[3], and following both sentencing proceedings, the proceeding with respect to imprisonment, held June 27, 2017[4], and the proceeding with respect to financial aspects of the sentence, including restitution, held on October 24, 2017[5]. Each time it granted or renewed bond, this Court correctly assessed that

---

[1]    *See 11/17/15 Minute Entry for proceedings held before Judge Alison J. Nathan: Arraignment as to Anthony R. Murgio* ("Defendant bail continued).

[2]    *See 3/4/16 Minute Entry for proceedings held before Judge Alison J. Nathan: Arraignment as to Anthony R. Murgio* ("Defendant bail continued.).

[3]    *See 1/9/17 Minute Entry for proceedings held before Judge Alison J. Nathan: Change of Plea Hearing as to Anthony R. Murgio* ("Defendant bail continued.).

[4]    *See 6/27/17 Minute Entry for proceedings held before Judge Alison J. Nathan: Status Conference as to Anthony R. Murgio* ("Sentencing proceeding held with respect to imprisonment. Defendant continued release.).

[5]    *See 10/24/17 Minute Entry for proceedings held before Judge Alison J. Nathan: Financial Hearing/Status Conference as to Anthony R. Murgio* ("Defendant continued bail release.).

4

subject to these minimal conditions, Mr. Murgio – whom this Court recognized is non-violent with no criminal history[6] –neither presented a flight risk, nor a danger to the community.

Mr. Murgio's exemplary conduct since his initial arrest more than two and a half years ago has proven the Court right every time. Mr. Murgio complied with all requirements of his bond throughout proceedings in this Court, cooperated with pre-trial services, appeared as instructed for all proceedings, and self-surrendered at the Federal Correctional Complex in Yazoo City to begin serving the sentence imposed, as ordered. That Mr. Murgio appeared to plead guilty, pursuant to an agreement which stipulated a guidelines range of imprisonment of 121 to 151 months[7], appeared at

---

[6]      THE COURT:              First and foremost, Mr. Murgio is a non-
                                 violent offender. He is a first-time
                                 offender...
         DE #562, p. 68.

[7]      THE COURT:              In your agreement with the government
                                 the stipulated guideline range is 121 to
                                 151 months. Do you see that?
         THE DEFENDANT:          Yes, your Honor.
         DE # 343, p.20.

sentencing, knowing full well that he faced a sentence in that range, and then self-surrendered to begin serving the 66 month sentence of imprisonment imposed by this Court, demonstrates Mr. Murgio's continuing determination to accept the lawful outcome of these proceedings, whatever they may be. *See United States v. Galanis*, 695 F. Supp. 1565, 1569 (S.D.N.Y. 1980) (finding no risk of flight pending appeal where it "must have been clear to [the defendant], since the verdict, that his sentence was likely to involve a substantial period of incarceration"). As Mr. Murgio undertakes an appeal of his conviction, he remains committed to seeing these proceedings through to their lawful conclusion.

**B.    Mr. Murgio's Appeal Raises A Substantial Issue Likely to Result in Reversal of His Conviction**

To succeed on a motion for release pending appeal, the defendant must demonstrate that the appeal raises a "substantial" question of law or fact "likely" to result in reversal or a new trial. *See 18 U.S.C. § 3143(b)(1)(B)*. A question is "substantial" within the meaning of the statute if it is "a close question or one that very well could be decided the other way," and is

considered "likely" to result in reversal if a successful appeal would require such relief. *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotations omitted); *see also Galanis*, 695 F. Supp. at 1568-70; *United States v. Rittweger*, No. 02-CR-122, 2005 WL 3200901 at *5 (S.D.N.Y. 2005); *United States v. Tunick*, No. S3-98-CR-1238, 2001 WL 282698 at *3 (S.D.N.Y. March 22, 2001) (all applying *Randell* test and granting bail pending appeal). Bail does not, however, depend on the "willingness of the trial court to certify that it is likely to be reversed." *Randell*, 761 F.2d at 125 (quotations omitted). The trial judge need not find "that the [guilt proceeding] he or she had just concluded was so infected with error as to require a new [guilt proceeding]," *Galanis*, 695 F. Supp. at 1568, or that the appeal "will ultimately succeed or that it has merit," *Rittweger*, 2005 WL 3200901 at *4. Instead, the statutory requirements are met where the appeal presents a question which "has more merit than a question which is merely frivolous," *Galanis*, 695 F. Supp. at 1569, and which is "so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the

conviction or a new trial," *Randell*, 761 F.2d at 125 (quotations omitted).[8]

The longstanding presumption against unnecessary detention informs this balanced standard for release pending appeal. *See Galanis*, 695 F. Supp. at 1569. Furthermore, because a defendant free on bail is "readily accessible at all times to discuss the proof in the trial record and the inferences flowing therefrom," release pending appeal also enables the defendant to assist in the appeal and thus promotes the interests of justice. *Id*. This factor is particularly salient, as Mr. Murgio is proceeding *pro se* on appeal[9] and will face extreme logistical difficulties in perfecting such appeal from prison. Judges in this district have accordingly granted bail pending appeal in a number of complex, high-profile financial fraud cases, including in cases where the defendants had substantial resources and were facing lengthy prison sentences. *See, e.g., United States v. Coplan*, 1:07-CR-00453 (S.D.N.Y., order

---

[8]    The statute also requires the defendant to demonstrate that the appeal is not for the purpose of delay, but an appeal that raises substantial issues is presumed not to be for the purpose of delay. *See Santiago*, 695 F. Supp. at 1492.

[9]    *See Pro Se Notice of Appeal*, DE #650, filed 11/6/17.

issued Jan. 21, 2010) (Bail pending appeal granted for multiple defendants in large-scale tax fraud case.); *United States v. Rigas*, 1:02-CR-1236 (S.D.N.Y., order issued July 13, 2005) (Bail pending appeal granted for two defendants convicted of conspiracy, bank fraud, and securities fraud and sentenced to 15 and 20 years, respectively.); *United States v. Stewart*, 1:03-CR-717 (S.D.N.Y., order issued July 13, 2004) (Bail pending appeal granted to defendant convicted of conspiracy, obstruction of justice, and making false statements to SEC); *United States v. Ebbers*, 1:02-CR-01144 (S.D.N.Y., order issued Sept. 8, 2005) (Bail pending appeal granted to defendant convicted of conspiracy, securities fraud, and false statements to the SEC and sentenced to 25 years).

### [1]. That Mr. Murgio's Plea was Not Knowingly, Intelligently, and Voluntarily Entered as a Result of the Ineffective Assistance of Counsel in Connection With That Plea Presents a Substantial Question for Appeal

a.   The Applicable Appellate Standard

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to cases involving

guilty pleas. To prevail on a claim of ineffective assistance of counsel, Mr. Murgio must show that his counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of this claim, the prejudice showing requires that Mr. Murgio "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill*, 474 U.S. at 59 (1985). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to the effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *United States v. Blau*, 159 F.3d 68, 74 (2d Cir. 1998).

When an appellant raises a claim of ineffective assistance of counsel on direct appeal the Second Circuit "may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. §2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record."

*United States v. Morris,* 350 F.3d 32, 39 (2d Cir. 2003). "Generally, Courts of Appeals are reluctant to address ineffectiveness claims on direct review" because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection" on direct review. *United States v. Salameh,* 152 F.3d 88, 160 (2d. Cir. 1998)(per curiam). The Second Circuit will decide such claims when "its resolution is 'beyond any doubt' or to do so would be in the interests of justice." *United States v. Stantini,* 85 F.3d 9, 20 (2d. Cir. 1996) (internal citation omitted).

b.    Deficient Performance  – Misadvice on "Loss"

The record demonstrates that Mr. Murgio's counsel provided objectively inaccurate gross misadvice concerning Murgio's potential sentence exposure under the guidelines, should he elect to proceed to trial and be convicted. Specifically, counsel advised Mr. Murgio that were he to proceed to trial and be acquitted on the charge of operating an unlicensed money transmitting business ("1960 count"), and found guilty of the fraud and obstruction charges, he would face a 20-level increase in offense level on

11

the fraud count, because "actual or intended loss" was a legal term of art, and as applied to his case meant all funds which moved through the involved accounts. The resulting offense level for the fraud count, including the 20-level increase which counsel falsely assured Mr. Murgio applied, was characterized as level 35[10], triggering an advisory guideline range of between 168 and 210 months' imprisonment. In sum, this misadvice led Mr. Murgio to believe that achieving an acquittal on the 1960 count would not lessen the sentence he faced, if convicted of the remaining charges. This advice was objectively inaccurate, contrary to both the definition contained in the relevant guideline and controlling precedent, and in providing the same, counsel's performance fell below the minimal level of competence required of criminal defense counsel by the Sixth Amendment.

U.S.S.G. §2B1.1, applicable to sentencing for fraud offenses, contains the following commentary explaining exactly how loss amount is calculated for such offenses, and includes definitions for both "actual loss" and "intended

---

[10]      *See, January 6, 2017 Plea Agreement in United States v. Anthony R. Murgio, S6 15 Cr. 769 (AJN), ("Murgio's Plea") p. 4.*

loss."

> 3.    Loss Under Subsection (b)(1).—This application note applies to the determination of loss under subsection (b)(1).
>
> (A)  General Rule.—Subject to the exclusions in subdivision (D), loss is the greater of actual loss or intended loss.
>
> (I)    Actual Loss.—"Actual loss" means the reasonably foreseeable pecuniary harm that resulted from the offense.
>
> (ii)   Intended Loss.—"Intended loss" (I) means the pecuniary harm that the defendant purposely sought to inflict; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur (e.g., as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value).
>
> *USSG §2B1.1 Comment. Note 3* (2015).

Controlling precedent at the time of the misadvice embraced this definition.

> Loss for purposes of the fraud guideline, [] is defined as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. 3(A). Actual loss, in turn, is defined as "the reasonably foreseeable pecuniary

harm that resulted from the offense," while intended loss is "the pecuniary harm that was intended to result from the offense." Id. § 2B1.1, cmt. 3(A)(I), (ii). The term "offense" in these provisions includes all of the defendant's offense conduct, as well as "all reasonably foreseeable acts and omissions of others in furtherance of [any] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

*United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 103 (2d Cir. 2014).

As this misadvice was provided at the critical juncture when Mr. Murgio was weighing his options of proceeding to trial or accepting the United States' formal plea offer, and is substantially consistent with and memorialized in Mr. Murgio plea agreement with the United States[11], Plea Colloquy[12], and sentencing memorandum[13], deficient performance is shown

---

[11]    *Murgio's Plea, pp. 3-4.*

[12]    THE COURT:            Did you discuss [the plea agreement] with your lawyer before you signed it?
        THE DEFENDANT:    Yes, your Honor.
        THE COURT:            Do you believe you fully understood it before you signed it?
        THE DEFENDANT:    Yes, your Honor.
        THE COURT:            One aspect of your agreement with the government is that you've agreed on the

by the record.  *See Boria v. Keane*, 99 F.3d 492, 496–97 (2d Cir.1996) (holding

that ineffective assistance of counsel during plea negotiations justified relief);

*United States v. Day*, 969 F.2d 39, 44 (3d Cir.1992) (holding that relief

warranted where trial counsel was ineffective by giving defendant

---

|                    |                                                                                                                              |
| ------------------ | ---------------------------------------------------------------------------------------------------------------------------- |
|                    | guideline range that applies in this case, something called the stipulated guideline range. Do you understand that?          |
| THE DEFENDANT:     | Yes, your Honor.                                                                                                             |
| THE COURT:         | In your agreement with the government the stipulated guideline range is 121 to 151 months. Do you see that?                 |
| THE DEFENDANT:     | Yes, your Honor.                                                                                                             |

*DE #343, p.20*

[13]     *DE #544, p.13.* (Conceding that the plea agreement agreed to a 20-level increase in offense level based on estimated loss, and explaining that "[t]he loss range of $9.5 to $25 million is based on an estimated loss amount of approximately $12.7 million for Counts 1 (conspiracy to operate an unlicensed money transmitter in violation of 18 U.S.C. § 1960) and 6 (conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 1343 and 1344). *This amount reflects the deposit and withdrawal value of Coin.mx transactions that went through its accounts at various banks, with about $6.4 million flowing in and $6.3 million flowing out*. It does not reflect any loss of money by Coin.mx customers, banking partners, or anyone else -") (emphasis added).

substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations); *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir.1991); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir.1981).

As the Second Circuit has recognized, "'[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case ... [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision.' " *Boria*, 99 F.3d at 496–97 (quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases (1988)). Finally, it follows that "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Day*, 969 F.2d at 43.

Counsel's misadvice concerning the definition of terms which governed a potential 20-level increase to the offense level triggered by the trial outcomes under consideration by Mr. Murgio, including primarily acquittal on the 1960 count and conviction on the remaining counts, disincentivized Mr. Murgio

from proceeding to trial, as he was misled to believe that such outcome would

not benefit him, sentence-wise, beyond what was offered in the United States'

plea agreement.

     c.     Deficient Performance – Failure to Advise Mr. Murgio to Withdraw His Plea, to Seek to Withdraw the Plea, or Disclose the Potential Conflict Inherent in the Situation

During Mr. Murgio's sentencing hearing on imprisonment, this Court

brought the inaccuracy of counsel's misadvice to the forefront by comparing

Mr. Murgio's loss stipulations to his co-defendant's sentencing arguments on

loss:

> THE COURT: And then, Mr. Klein, I do want to make I guess I want to make sure that since this was interjected into this proceeding, that Mr. Murgio understands that  Mr. Lebedev has put forward an argument with respect to him  that the government won't be able to establish that the  intended loss is anything above zero dollars, and here there is  a stipulation by Mr. Murgio as to his intended loss of being in the 9-and-a-half million to $25 million range. I just want to make sure before we proceed that Mr. Murgio understands the contention that's been raised by Mr. Lebedev and is comfortable proceeding despite those arguments.

17

And let me say, I know there is a stipulated -- there is obviously a stipulation here. It is my view that honest answers to my questions in light of issues that have been raised couldn't constitute a breach of the plea agreement. So I just want to make sure that there is full understanding that Mr. Lebedev has raised an argument as to the appropriate calculation of the loss amount with respect to him. And I guess the scenario I'm imagining is we have the stipulation here. I then get to sentencing and I base my guidelines' independent guidelines' calculation on that stipulation. We then get to Mr. Lebedev's sentencing proceeding and he presents legal and factual arguments that lead me to conclude that the loss amount with respect to him is zero. That's the reality we face, and I want to ensure Mr. Murgio understands that possibility and wishes to proceed based on the stipulated guidelines that are in place.

MR. KLEIN: One second, your Honor.

THE COURT: Take your time.

(Pause)

OK. Mr. Klein.

MR. KLEIN: Your Honor, we've talked with our client. We understand that we agreed to the plea agreement and we stipulated those guidelines.

[DE #562, pp. 15-17].

18

Counsel was deficient in two ways in connection with the prior misadvice. First, counsel was deficient for failing to take this opportunity to move to withdraw Mr. Murgio's plea, based on the ineffective assistance of counsel described in §II.B.1.b., *supra*. Second, counsel was deficient for failing to raise the inherent conflict in the situation with the Court, and indeed may have suffered from an actual conflict which resulted in further misadvice to Mr. Murgio and a failure to move to withdraw his plea.

Mr. Murgio was entitled to have unconflicted counsel advise him on whether he should continue with sentencing or seek to withdraw his plea, based on the ineffective assistance of counsel described in §II.B.1.b., *supra*. The circumstances described therein, placed counsel's interests in stark conflict with Mr. Murgio's – based on the grossly inaccurate likely sentencing consequences conveyed by counsel, which competent counsel would have included in the motion to withdraw. Obviously, counsel would prefer not to draw attention to the inaccurate definitions of "actual loss" and "intended loss" provided and the resulting misadvice concerning the likely sentencing

19

consequences of proceeding to trial. It is equally obvious that Mr. Murgio's interest would be in presenting the strongest possible motion to withdraw his plea. Courts have recognized that a conflict of interest may arise in this context.[14]

d.      Prejudice

Absent counsel's misadvice and subsequent failures to advise on or seek to withdraw Mr. Murgio's plea, there is a reasonable probability that Mr. Murgio would have proceeded to exercise his right to a trial by jury. Mr. Murgio only accepted the plea offer and pled guilty as a result of counsel's misadvice which convinced him that accepting a plea would limit his likely sentence exposure to the same outcome as the best likely trial outcome. Specifically, counsel advised Mr. Murgio – as set forth in the plea agreement – that the offense level for both the 1960 count and the fraud count would be increased by 20 levels, based on the total funds involved in the offenses.[15] Mr.

---

[14]      *See, e.g., United States v. Colon-Torres*, 382 F.3d 76, 89 (1st Cir. 2004); *Guzman v. Sabourin*, 124 F.Supp.2d 828, 834-35 (S.D.N.Y. 2000).

[15]      *See Murgio's Plea, pp. 3-4.*

Murgio's total offense level for the 1960 count was conveyed as 32, which at criminal history category I triggers a guidelines range of imprisonment of 121-151 months. *Id., p.4.* Mr. Murgio's total offense level for the fraud count with the same enhancement was 35, which at criminal history category I triggers a guidelines range of imprisonment of 168-210 months. *Id., p.4.* In fact, as explained in *§II.B.1.b, supra,* no 20-level increase would be warranted with respect to the fraud count, as there were no intended or actual losses associated with than count. The impact of this misadvice was that Mr. Murgio's sincere belief that he would be acquitted, or any conviction on the 1960 count would be overturned on appeal[16] was rendered irrelevant to his decision to plead guilty. This is true because counsel's misadvice led Mr. Murgio to believe that the sentence he faced on the fraud count – which he recognized he could be convicted on – would eclipse in severity the potential sentence on the 1960 count.

---

[16]     These beliefs are based in part on the grounds set forth in Mr. Murgio's motion to dismiss counts 1 & 2 of the indictment and addressed at length in this Court's ruling denying the same. *See United States v. Murgio,* 209 F.Supp.3d 698, 704-715 (S.D.N.Y. 2016).

Had counsel provided accurate advice, that based on the readily apparent facts and law, Mr. Murgio faced an advisory guidelines range of imprisonment of roughly 18 to 24 months' imprisonment on the fraud count – this is consistent with the plea agreement calculations when you remove the inapplicable 20 level increase[17] – , Mr. Murgio would have persisted in his plea of not guilty and proceeded to trial by jury.

The huge difference between the sentence exposure following conviction at trial, communicated by counsel and the accurate sentence exposure following conviction at trial, arrived at by applying the guidelines to the readily apparent facts consistent with controlling precedent, indicates a reasonable probability that absent counsel's gross misrepresentation of the sentencing consequences of the plea versus trial options, Mr. Murgio would have persisted in his plea of not guilty and proceeded to trial by jury.[18]

---

[17]     *See Murgio's Plea, p. 4.*

[18]     *See, e.g., United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) ("The fact that there is a great disparity between the actual maximum sentencing exposure under the Sentencing Guidelines and the sentence exposure represented by defendant's attorney provides sufficient objective

Additionally, Mr. Murgio placed great value on the opportunity to respectfully seek appellate review of this Court's denial of his motion to dismiss counts 1 and 2 of the indictment, an opportunity that the plea foreclosed.[19]

### [2].   That Mr. Murgio was Deprived of the Effective Assistance of Counsel Will Require Reversal of His Conviction

If the Court of Appeals agrees with Mr. Murgio that he was denied the effective assistance of counsel in connection with his plea – either the initial misadvice, or counsel's later failures to advise on or seek to withdraw the plea – reversal is mandatory. This is true because a plea entered as a result of ineffective assistance is neither knowing or voluntary. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Moreover, a conviction obtained by such plea must be reversed and the defendant allowed to proceed to trial. *See, e.g., Hill v. Lockhart*, 474 U.S. 52 (1985). The Supreme Court recently clarified that

---

evidence to establish a reasonable probability that the outcome of the proceedings would differ.").

[19]     *See Murgio's Plea, p. 7.*

this requirement is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding ... to which he had a right." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

## III. Conclusion

For the foregoing reasons, Mr. Murgio respectfully requests that the Court permit him bail pending appeal, under the same conditions which proved sufficient during the pendency of proceedings in this Court.

Respectfully submitted this 2 5 day of February, 2018.

Anthony R. Murgio, *Pro Se*
Register # 62770-018
FCC Yazoo City (LOW)
Satellite Camp
P.O. Box 5000
Yazoo City, MS 39194-5000

24

## IV. Verification

I, Anthony R. Murgio, verify under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this 25 day of February, 2018.

Anthony R. Murgio, *Pro Se*
Register # 62770-018
FCC Yazoo City (LOW)
Satellite Camp
P.O. Box 5000
Yazoo City, MS 39194-5000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Pro Se* Motion for Bail Pending Appeal with Consolidated Memorandum of Law in Support has been mailed, first class postage prepaid, on this _25_ day of February, 2018, to: opposing counsel, Assistant United States Attorney, Won S. Shin, Office of the United States Attorney, One St. Andrew's Plaza, New York, NY 1007.

Executed under penalty of perjury pursuant to 28 U.S.C. §1746, on this _25_ day of February, 2018.

Mr. Anthony R. Murgio, *Pro Se*
Register # 62770-018
FCC Yazoo City (LOW)
Satellite Camp
P.O. Box 5000
Yazoo City, MS 39194-5000