UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Anthony R. Murgio,

Defendant.

15-cr-769 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Defendant Anthony R. Murgio, acting *pro se*, filed a letter motion seeking to terminate the conditions of his supervised release pursuant 18 U.S.C. § 3583(e)(1). Dkt. No. 809. For the reasons that follow, his motion is DENIED.

I.  BACKGROUND

Mr. Murgio pled guilty in 2017 to conspiring to operate an unlicensed money transmitting business, conspiring to obstruct an examination of a financial institution, and conspiring to commit wire fraud and bank fraud. Amended Judgment, Dkt. No. 749 at 1–2; Sentencing Tr., Dkt. No. 562 at 66. He was sentenced to 66 months' imprisonment, followed by three years' supervised release. Amended Judgment at 3–4; Sentencing Tr. at 69. Mr. Murgio was also ordered to pay a mandatory special assessment of $300, fine of $12,000, and restitution in the amount of $126,771.82. Amended Judgment at 7.

After serving approximately 28 months of his sentence, Mr. Murgio was transferred to home confinement pursuant to the CARES Act. *See* Gov't Letter; Dkt. No. 811 at 4. Mr. Murgio's supervised released term began in January 2022 and is scheduled to expire in January

2025.  *Id.* at 2.

Mr. Murgio, acting *pro se*, filed a letter motion seeking early termination of his supervised release pursuant to § 3583(e)(1), which was docketed on September 5, 2023.  Dkt. No. 809.  The Government opposed the motion on September 19, 2023, but indicated that the Probation Department does not oppose.  Gov't Letter at 1.  Mr. Murgio did not file a reply.

## II.   DISCUSSION

For substantially the reasons outlined by the Government in its letter dated September 19, 2023, the Court concludes that Mr. Murgio has not satisfied the requirements of § 3583(e)(1).  Under § 3583(e), a court may terminate a term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  A court may do so "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  § 3583(e)(1).

Mr. Murgio argues that the Court should grant early termination because he has complied with the terms of his supervised release, made efforts at rehabilitation, and maintained gainful employment since his release.[1]  The Court commends his compliance and positive pursuits.  However, these reasons do not justify terminating his supervised release.  Compliance with his supervised release terms, maintaining employment, and making efforts to rehabilitate are expected and do not amount to "exceptionally good behavior" as to render his conditions of supervised release "either too harsh or inappropriately tailored to serve the general punishment

---

[1] Mr. Murgio also requests a hearing on his motion.  The Court concludes that a hearing is unnecessary for resolution of this application.

goals of section 3553(a)." *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

At sentencing, the Court applied "a substantial variance below the guideline range" in light of Mr. Murgio's history and characteristics—including his acceptance of responsibility and the fact that he is a first-time, non-violent offender. *See* Sentencing Tr. 68–69. But the Court stated that "a serious sentence remain[ed] warranted" given that Mr. Murgio pled guilty to "very serious offenses." *Id.* at 66, 68. In particular, the Court explained that Mr. Murgio's "criminal conduct must be met with punishment that reflects the seriousness of the offense, promotes respect for the law, and deters Mr. Murgio and others from engaging in this kind of dangerous and destructive criminal conduct." *Id.* at 67. This particular need for deterrence weighed heavily when the Court imposed sentence, including the term of supervised release, and it continues to weigh heavily today. *See* § 3583(e) (listing § 3553(a)(2)(B)). Accordingly, the Court concludes that completion of Mr. Murgio's full term of supervised release appropriately reflects the seriousness of the offense and adequately promotes deterrence.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Murgio's motion for early termination of his supervised release. The Clerk of Court is respectfully directed to terminate Dkt. No. 809, to mail a copy of this Order to Mr. Murgio, and to note the mailing on the public docket.

SO ORDERED.

Dated: December 5, 2023
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation